UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BRADFORD PRIMAVERA,

                      Plaintiff,                    COMPLAINT

   - against -

ROCKET FINANCIAL, INC., MICHAEL          PLAINTIFF DEMANDS A
SHVARTSMAN, IGOR MATROSOV, and ERIC    TRIAL BY JURY
HANNELIUS

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Bradford Primavera, by his attorneys, Vladeck, Raskin & Clark, P.C., complains of defendants Rocket Financial, Inc. ("Rocket"), Michael Shvartsman, Igor Matrosov, and Eric Hannelius as follows:

## NATURE OF CLAIMS

        1.    Primavera is an experienced executive in the financial services industry. Although he devoted over five years to working on start-up Rocket, he was never paid the full wages promised him. Instead, Shvarstman, the person who controlled Rocket, fired Primavera when he refused to engage in fraudulent activity.

        2.    Plaintiff brings this action to remedy his retaliatory firing in violation of New York Labor Law §740 and unlawful deduction of his wages in violation of New York Labor Law §§ 190 et seq. and in breach of his contract.

## JURISDICTON AND VENUE

        3.    As the parties are citizens of different states and more than $75,000 is at issue, the jurisdiction of this Court over all claims is proper under 28 U.S.C. § 1332.

#33064

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the defendant regularly does business in New York and plaintiff was based in the Eastern District of New York while performing his work for Rocket.

## PARTIES

5. Plaintiff worked for Rocket from February 2019 through June 2024. He is a resident of New York and performed his work for Rocket from his home in Northport, New York.

6. On information and belief, Rocket is a corporation organized under the laws of the State of Delaware with its official office in Florida.

7. At all relevant times, Shvartsman controlled all aspects of Rocket, including whether and how much plaintiff was paid, and decided to fire Primavera unlawfully. On information and belief, Shvartsman is a resident of Florida.

8. Matrosov is a Director of Rocket and purportedly authorized the decision to fire Primavera unlawfully. On information and belief, Matrosov is a resident of Florida.

9. Hannelius is a Director of Rocket and purportedly authorized the decision to fire Primavera unlawfully. On information and belief, Hannelius is a resident of California.

## FACTUAL ALLEGATIONS

10. Primavera has over 35 years of experience in the financial services industry.

11. In February 2019, Primavera began working as an employee of Rocket, a startup owned by Shvartsman, which was intended to set up a banking platform. Shvartsman was the Chief Executive Officer and President of Rocket until July 2023.

12. Primavera started with the title of Chief Product Officer.

#33064

13. Initially, Primavera and Shvartsman discussed compensating Primavera only with equity. In fall 2019, Shvartsman agreed to start paying Primavera $10,000 per month in wages. The payments were supposed to start in December 2019.

14. Rocket did not pay Primavera the promised wages.

15. In April 2020, Shvartsman agreed to increase Primavera's wages to $16,667 per month. However, Rocket continued to fail to pay the wages.

16. In May 2021, Rocket paid Primavera $25,000 toward the unpaid wages.

17. In December 2021, Rocket paid Primavera $100,000 toward the unpaid wages. Both partial payments were at the direction of Shvartsman.

18. In April 2022, Rocket began paying Primavera the $16,667 per month that was agreed upon, effective March 2022. Primavera regularly reminded Rocket that it still owed him almost $300,000 in unpaid wages.

19. In or about June 2023, Shvartsman was indicted on felony fraud charges in the Southern District of New York.

20. As of July 2023, Primavera was appointed as a Director of Rocket, along with Matrosov and Hannelius. The Directors also appointed Primavera Chief Executive Officer and President.

21. While the appointments were made to make it appear that Shvartsman was no longer running Rocket, he continued to control all aspects of the company and approve all financial transactions and payments.

22. Shvartsman also ran a Canadian company called Rocket Financial Corp. ("Rocket Corp."). Jerry Bokser was the President of Rocket Corp., as well as the Chief Operting Officer of Rocket.

23. In 2024, Primavera was in communication with banks that Rocket could partner with to launch its platform. The banks began performing due diligence. As part of that due diligence, the banks asked to see financial records of Rocket.

24. On June 18, 2024, Primavera had a video meeting with Shvartsman and Bokser. Primavera was discussing the financial records the banks were seeking. Shvartsman told Primavera to give the banks records for Rocket Corp. and said the banks would not notice the difference. Primavera said they were legally separate entities, and he could not give the banks records for a different company. Shvartsman said, "I'm not asking, I'm telling you." Primavera again said he would not provide the wrong records. Shvartsman said, "Then you're fired." Shvartsman then told Bokser to provide Rocket Corp. records to the banks. Bokser also refused and Shvartsman said that he was also fired.

25. On June 19, 2024, Mike Park, the General Counsel for Rocket and Rocket Corp. sent an email to Primavera and Bokser stating in part, "This will confirm that your employment with Rocket Financial Inc. and Rocket Financial Corp., and their subsidiaries and related companies (the 'Companies'), will terminate effective June 28, 2024."

26. Apparently, someone realized that, at least on paper, Shvartsman had no authority to fire Primavera or Bokser. Matrosov and Hannelius then authorized a resolution firing Primavera and Bokser. Rocket also issued a shareholder resolution removing Primavera as a Director.

27. Rocket has not paid Primavera his June wages, or his most recent expenses incurred on behalf of Rocket. Additionally, Rocket continues to owe Primavera $298,341 in past unpaid wages.

#33064

## FIRST CAUSE OF ACTION
### NYLL: Retaliation

28. Plaintiff repeats and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. By the acts and practices described above, defendants have retaliated against plaintiff for his opposition to unlawful conduct, in violation of New York Labor Law § 740.

30. Defendant has acted with malice and/or reckless indifference to plaintiff's statutorily protected rights.

31. As a result of defendant's discriminatory acts, plaintiff has suffered, is suffering, and will continue to suffer monetary damage, other compensable damage unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### NYLL: Unlawful Wage Deductions

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. By the acts and practices described above, defendants failed to pay plaintiff the full amount his wages, thereby unlawfully reducing his wages in violation of NYLL § 193(1).

34. Defendant's failure to pay plaintiff his full wages was "willful" within the meaning of NYLL § 198(1-a).

## THIRDCAUSE OF ACTION
### Breach of Contract (Against Rocket and Shvartsman)

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

#33064

36. By the acts and practices described above, defendants Rocket and Shvartsman breached their agreement with plaintiff to pay him the agreed upon wages for his work.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. declaring that the acts and practices complained of herein are in violation of the NYLL and New York common law;

b. enjoining and permanently restraining these violations;

c. directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff;

d. directing defendant to place plaintiff in the position he would have occupied but for defendants' retaliatory conduct and making him whole for all earnings and other benefits he would have received but for defendants' retaliatory treatment, including, but not limited to, wages and other lost benefits;

e. directing defendants to pay liquidated damages as provided by the NYLL;

f. directing defendant to pay plaintiff punitive damages;

g. awarding plaintiff his reasonable attorneys' fees and costs;

h. awarding plaintiff such interest as is allowed by law, and damages for any adverse tax consequences stemming from an award; and

i. granting such other and further relief as the Court deems necessary and proper.

#33064

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated: New York, New York
       October 11, 2024

VLADECK, RASKIN & CLARK, P.C.

By: /s Anne L. Clark
    Anne L. Clark
    Attorneys for Plaintiff
    111 Broadway, Suite 1505
    New York, New York 10006
    (212) 403-7300

#33064